NESBITT, Judge.
Valentin Azcuy was convicted of burglary of an unoccupied structure for stealing flowers from a flower cart. Azcuy appeals on several grounds, the most critical of which is that there was no proof of “entry” into the cart, as is necessary to sustain a conviction for burglary. We agree and, therefore, reverse the burglary conviction.
At trial, the owner of the cart testified that when she arrived at the scene, she discovered Azcuy stealing flowers which were falling from the cart. She also testified that she did not actually see Azcuy enter the cart, either with any part of his body or with an instrument. Instead, she testified as to her deduction that a stick, seen near Azcuy at the scene, had been introduced into the cart in order to upset the buckets containing the flowers, causing the flowers to fall from the cart. She admitted that she had not actually seen Azcuy using the stick, nor had she seen the stick in Azcuy’s hand. Defense counsel objected to the testimony concerning what the victim deduced; this objection was sustained. Thus, there was no evidence below to show that Azcuy had entered the cart. We find that mere proximity to an instrument which may have been used, by anyone, to effect an entry is insufficient to sustain the entry element for burglary.
Our disposition of this case on the issue of “entry” makes it unnecessary to address Azeuy’s other contention on appeal, that the flower cart in question was not a “structure” pursuant to the burglary statute. Azcuy’s challenge to the voir dire procedure is without merit.
Inasmuch as Azcuy admitted to stealing the flowers, he was guilty of petit theft. We *130 reverse the burglary conviction and remand for resentencing consistent with this opinion.